**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ULYSSES BRAXTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 1:06-cv-1191-DFH-TAB |
| ) | |
| THOMAS WEBSTER, M.D., et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's motion to disqualify is **denied.** The ethical concerns suggested by the plaintiff in such motion rest entirely on the plaintiff's speculation and do not warrant the court's interference with the defendants' choice of representation or the decision of the Department of Justice regarding any request for representation.

2. The plaintiff's request for appointment of counsel has been considered.

a. Litigants requesting that counsel be recruited must show as a threshold matter that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995); *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also* 28 U.S.C. § 1915(e)(1).

b. The plaintiff has not suggested that he attempted to secure private counsel, nor has he explained why he failed to do so. The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993).

c. Based on the foregoing, the plaintiff's motion for appointment of counsel in this case is **denied.**

      3.      The plaintiff's motion for temporary injunctive relief and/or protective order is **denied**. Entering an injunction against a defendant's thoughts is most likely beyond the power of this or any other federal court. Enjoining the defendant's thoughts, moreover, is not required to insulate the plaintiff from the mischief wrought by unwanted medical care because such care would be delivered through actions, not through thoughts. Additionally, the plaintiff's motion does not suggest that there is any likelihood that he would be the recipient of medical care to which he does not consent, and it is this factor which compels the denial of his motion to prohibit defendant Cacdac from carrying out his responsibilities as a physician. The plaintiff would be well advised to utilize the administrative remedy process established by the Federal Bureau of Prisons to resolve concerns related to specific medical providers.

      So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/1/2006

Distribution:

Ulysses Braxton
No. 35171-060
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Thomas Webster, M.D.,
United States Penitentiary Terre Haute
4200 Bureau Road
Terre Haute, IN 47808

W. Wilson, M.D.
United States Penitentiary Terre Haute
4200 Bureau Road
Terre Haute, IN 47808

Manuel A. Cacdac
501 Hospital Lane Ste. 100
Terre Haute, IN   47802