UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ULYSSES BRAXTON, | ) |
| Plaintiff, | ) |
| v. | ) 1:06-cv-1191-DFH-TAB |
| THOMAS WEBSTER, M.D., et. al., | ) |
| Defendants. | ) |

**E N T R Y**

**I.**

The motion entered on the docket as item #42, is **denied as unnecessary**.

**II.**

The plaintiff's motion for the appointment of an expert is **granted in part and denied in part,** consistent with the following:

1. The motion is **granted** to the extent that if the plaintiff obtains a medical or other expert in this action the court will assure that such expert has reasonable access to the plaintiff, to the plaintiff's records and to the prison and prison records sufficient to form an opinion concerning his or her field of expertise.

2. The plaintiff seeks an expert to benefit the presentation of his own case, not to benefit the trier of fact in understanding the evidence. The motion is **denied** to the extent that the plaintiff seeks the court's authorization for the expenditure of public funds to obtain and compensate an expert witness for the purpose of aiding the plaintiff in acquiring evidence to support his claims in this case. *See Ledford v. Sullivan,* 105 F.3d 354, 359 (7th Cir. 1997) (opining that because deliberate indifference is subjective standard, distinct from the objective inquiry involved in medical malpractice cases, expert witness testimony not warranted); *Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989) (finding no statutory authority allowing district courts to waive, in *in forma pauperis* actions, the payment of witness fees required for Fed.R.Civ.P. 45(c) subpoenas). Litigants generally bear their own litigation expenses. *Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993); *Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3d Cir.1987) "There is no provision in the statute 28 U.S.C. § 1915(b) for the payment by the government of the costs of deposition transcripts, or any other

litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159.

### III.

The defendants' objection to the plaintiff's most recent amended complaint is **granted in part and denied in part**, consistent with the following:

1. The amended complaint filed on January 29, 2007, is deemed to be the operative pleading setting forth the plaintiff's claims in this case.

2. The amended complaint just described is subject to the screening requirement of 28 U.S.C. § 1915A(b). The parties will be notified when that step has been completed and an appropriate order consistent with the court's assessment of such amended complaint will be issued.

3. Proceedings herein are **stayed** until the amended complaint has been screened as just described and an appropriate order has been issued. This stay extends the time within which the defendants would otherwise have to file their answer or other responsive pleading to the amended complaint.

### IV.

In light of the directions issued in Part III of this Entry, all pending motions not specifically addressed in this Entry are **denied without prejudice**. This specifically includes the plaintiff's motion for preliminary injunction.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date: 3/5/2007

Distribution:

Ulysses Braxton
No. 35171-060
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov