UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ULYSSES BRAXTON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THOMAS WEBSTER, M.D., et. al., )<br>)<br>)<br>Defendants. ) | 1:06-cv-1191-DFH-TAB |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. This is an action brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). The plaintiff, Ulysses Braxton ("Braxton"), is confined at a federal prison in this District. After the initial complaint was screened and process was served on defendants Thomas Webster, M.D.; W. Wilson, M.D.; and Manuel A. Cacdac, Braxton filed an interlocutory appeal with respect to rulings made in the course of that screening process. Webster filed an answer to the original complaint, and Braxton filed an amended complaint. The interlocutory appeal was processed. This court stayed proceedings until the amended complaint was screened. The interlocutory appeal was dismissed for lack of jurisdiction.

2. The amended complaint is thus screened pursuant to § 1915A. This requires the court to dismiss the amended complaint or any claim within the amended complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). The amended complaint, of course, is the operative document setting forth Braxton's claims, because "'it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.'" *Manning v. Ashland Oil Co.,* 721 F.2d 192, 197 (7th Cir. 1983) (quoting *International Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977)).

3. Braxton alleges in the amended complaint that his fifth and fourteenth amendment rights have been violated and seeks punitive and compensatory damages, as well as attorney fees, from Ms. M.E. Doucette-Lanstrum, an attorney for the Federal Bureau of Prisons ("BOP"). Ms. Doucette-Lanstrum is the sole defendant in the amended complaint, which means that claims against any of the original defendants have been **abandoned.** *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (explaining that "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue").

4. As noted, this is a *Bivens* action against an attorney for the BOP at the prison where Braxton is confined. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). So it is here, as well.

5. Braxton asserts that Ms. Doucette-Lanstrum was present at his appointment with Dr. Wilson and Dr. Webster and that her presence violated his doctor/patient "confidentiality agreement" as well as his rights to due process by interfering with this civil action.

6. It is by no means clear that the right asserted by Braxton exists. "Whether prisoners have any privacy rights in their prison medical records and treatment appears to be an open question." *Massey v. Helman,* 196 F.3d 727, 742 n.8 (7th Cir. 1999) (citing *Anderson v. Romero,* 72 F.3d 518, 522-23 (7th Cir. 1995)). In *Anderson,* 72 F.3d at 523, the Court of Appeals could not "find any appellate holding that prisoners have a constitutional right to the confidentiality of their medical records," but noted in dictum that the cruel and unusual punishments clause of the Eighth Amendment might protect against a state's dissemination of "humiliating but penologically irrelevant details of a prisoner's medical history." If the right to medical privacy in the circumstances presented here does not exist, Braxton cannot recover, nor can he even proceed, for without a predicate constitutional violation one cannot make out a *prima facie* case under *Bivens. Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

7. Even if a limited right to medical privacy does exist, this right was not violated under the circumstances presented in this action.

   a. Prisoners cannot enjoy greater privacy protection than individuals in free society, *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001), and some amount of sharing of medical information in areas where it might be overheard by other patients--e.g., in hospital emergency rooms, school infirmaries, and the waiting room of a doctor's office--is commonplace.

   b. Additionally, the plaintiff specifically requested and consented to Ms. Doucette-Lansturm's presence at his doctor's appointments. Attached to his complaint was a written request he sent to Dr. Wilson which reads, "I am uncomfortable meeting with you in private. As you know, there is civil litigation pending. For my own protection, would you have the hospital administrator or someone who can verify what is transpiring. Again, I am not refusing to meet with you as my health is of importance. I would feel more comfortable if you would provide a staff witness." Ms. Doucette-Lanstrum was not the attorney for the underlying civil litigation based on plaintiff's original complaint. Ms. Doucette-Lanstrum is a BOP employee and her presence at Braxton's doctors' appointments fulfilled his request for a staff witness to verify what transpired.

  c. There is no further allegation here, moreover, that Ms. Doucette-Lanstrum has improperly disclosed any information from the appointment she attended at Braxton's request. The concern of possible unwanted disclosure of information relating to the status of Braxton's health thus does not arise. Without doubt, Ms. Doucette-Lanstrum's presence at Braxton's medical appointment reasonably related to the prison's legitimate penological interest of maintaining supervision of Braxton while he was with a healthcare provider and outside of his cell. See *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984) (prison environments are highly regulated, and strict order must be maintained; prison administration must be constantly vigilant to prevent escape plots, reduce the flow of weapons and drugs into the building, and maintain the safety and welfare of inmates, jailers, and the public).

  d. The circumstances here therefore bear no resemblance to the extreme situations considered by some courts which involved the purposeful dissemination of intensely private medical information about the complaining inmates. See *Doe v. Delie,* 257 F.3d 309, 317 (3d Cir. 2001) (involving HIV-positive status); *Powell v. Schriver,* 175 F.3d 107, 112 (2d Cir. 1999) (involving HIV- positive status and transsexualism); *Doe v. Magnusson,* 2005 WL 758454 (D. Me. March 21, 2005) (discussing the point and reviewing decisions).

  8. "Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84, 107 S. Ct. 2254, 2259 (1987)). Braxton's amended complaint makes clear that no such claim has been stated with respect to the requested presence of Ms. Doucette-Lanstrum at his appointment with Dr. Wilson and Dr. Webster. Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). The dismissal of the amended complaint as legally insufficient is therefore mandatory pursuant to 28 U.S.C. § 1915A(b). *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Accordingly, this action must be dismissed. Judgment consistent with this Entry shall now issue.

  So ordered.

                    _____
                     DAVID F. HAMILTON, Judge
                     United States District Court

Date: 10/19/2007