**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ULYSSES BRAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:06-cv-1191-DFH-TAB |
| | ) | |
| M. E. DOUCETTE-LANSTRUM, | ) | |
| | ) | |
| Defendant. | ) | |

### Entry Discussing Plaintiff's Motion for Reconsideration

Final judgment in this action brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), was entered on October 19, 2007. The plaintiff, a federal prisoner confined in this District, has appealed that disposition. In addition, the plaintiff has filed a timely motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* through what he has labeled as his motion for reconsideration. *See Curry v. United States,* 307 F.3d 664, 666 (7th Cir. 2002) (a motion seeking substantive relief filed within 10 days after the judgment is, regardless of the label, to be treated as a Rule 59(e) motion)(citing cases).

The disposition of the action resolved the claim asserted in the plaintiff's amended complaint. The amended complaint became the operative pleading by virtue of it having been filed on January 29, 2007. Prior to the amended complaint having been filed, the plaintiff's original complaint had been screened as required by 28 U.S.C. § 1915A. Process was served on defendants against whom viable claims were stated; legally insufficient claims were dismissed, as was mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Although no partial final judgment was issued as to the dismissed claims, the plaintiff filed an interlocutory appeal as to that dismissal. The interlocutory appeal was dismissed for lack of jurisdiction. This was followed by the filing of the amended complaint. The amended complaint was then also screened pursuant to § 1915A. Because it failed to support a viable claim for relief, and also because the amended complaint superseded the original complaint in its entirety, the action was dismissed in its entirety and final judgment was entered.

The plaintiff's post-judgment motion does not challenge the correctness of the legal insufficiency of the amended complaint, but argues that for various reasons the court should have treated the lawsuit as if the viable claims from the original complaint were still in place. This position is not tenable. Although the plaintiff is proceeding without counsel at present and the court is to liberally construe the pleadings of such litigants, see *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), this generous treatment does not exempt *pro se* litigants from both the substantive and procedural rules of law and does not authorize this court to fashion a separate set of rules for them. *Averhart v. Arrendondo,* 773 F.2d 919 (7th Cir. 1985). The rules which are applicable are straightforward and are these. First, it is a "'well established principle that an amended complaint ordinarily supersedes the original and

renders it of no legal effect.'" *Manning v. Ashland Oil Co.,* 721 F.2d 192, 197 (7th Cir. 1983) (quoting *International Controls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977)).  This rule applies to *pro se* litigants as well as to others. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999)(an amended complaint supersedes and "wipes away" all prior complaints); *Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054, 1056-57 (7th Cir. 1998).  Second, "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005). Third, the court may not rewrite a petition to include claims that were not presented. *Barnett v. Hargett,* 174 F.3d 1128 (10th Cir. 1999; *Small v. Endicott,* 998 F.2d 411, 417-418 (7th Cir. 1993).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error of law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no newly-discovered evidence, there was no intervening change in the law, and there was no manifest error of law in the either the fact that only the amended complaint was addressed or the fact that it was found to be legally insufficient. See *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995).

Accordingly, the plaintiff's motion for reconsideration (dkt. 60), treated as a motion to alter or amend judgment, is **denied.**

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   11/29/2007

Distribution:

Ulysses Braxton
No. 35171-060
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov